Amended

AO 243 (Rev. 01/15)                                                                                              Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Souther District of New York | |
|---|---|---|
| Name (under which you were convicted): Alvaro Fredy Cordoba Ruiz | | Docket or Case No.: 22 Cr. 121 (LJL) |
| Place of Confinement: Texarkana | Prisoner No.: 69395-018 | |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) | |
| V. | Alvaro Fredy Cordoba Ruiz | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    Southern District of New York

    (b) Criminal docket or case number (if you know): 22 Cr. 121 (LJL)

2.  (a) Date of the judgment of conviction (if you know): April 26, 2024

    (b) Date of sentencing: April 26, 2024

3.  Length of sentence: 168 months

4.  Nature of crime (all counts):




5.  (a) What was your plea? (Check one)
    (1) Not guilty ☐          (2) Guilty ■          (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
    what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ■

8.  Did you appeal from the judgment of conviction?     Yes ☐     No ■

Amended

AO 243 (Rev. 01/15)                                                          Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Souther District of New York | |
|---|---|---|
| Name *(under which you were convicted)*: Alvaro Fredy Cordoba Ruiz | | Docket or Case No.: 22 Cr. 121 (LJL) |
| Place of Confinement: Texarkana | Prisoner No.: 69395-018 | |
| UNITED STATES OF AMERICA  v. | Movant *(include name under which convicted)* Alvaro Fredy Cordoba Ruiz | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   Southern District of New York

   (b) Criminal docket or case number (if you know): 22 Cr. 121 (LJL)

2. (a) Date of the judgment of conviction (if you know): April 26, 2024

   (b) Date of sentencing: April 26, 2024

3. Length of sentence: 168 months

4. Nature of crime (all counts):



5. (a) What was your plea? (Check one)
   (1) Not guilty ☐          (2) Guilty ■          (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?



6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ■

8. Did you appeal from the judgment of conviction?    Yes ☐    No ■

1

AO 243 (Rev. 01/15)                                                                                          Page 3

9.   If you did appeal, answer the following:

   (a)  Name of court: _____

   (b)  Docket or case number (if you know): _____

   (c)  Result: _____

   (d)  Date of result (if you know): _____

   (e)  Citation to the case (if you know): _____

   (f)  Grounds raised:




   (g)  Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ■

         If "Yes," answer the following:

         (1) Docket or case number (if you know): _____

         (2) Result: _____

         (3) Date of result (if you know): _____

         (4) Citation to the case (if you know): _____

         (5) Grounds raised:




10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
        Yes ■    No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court:   United States District Court Southern District of New York

         (2) Docket or case number (if you know):   22-CR-00121 (LJL)

         (3) Date of filing (if you know):   May 20, 2025

         (4)  Nature of the proceeding:   Motion for reduction of Sentence

         (5)  Grounds raised:   This is an amendment of that document.

AO 243 (Rev. 01/15)

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ▉

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:    Yes ☐    No ▉

(2)  Second petition:   Yes ☐    No ▉

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)

**GROUND ONE:** _Constitutionally deficient assistance of counsel in the plea_

_agreement process. (Originally submitted on pages 5-7 of the Sentencing Memorandum [Dkt. 117].)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

This case stems from a sting operation conducted by agents of the United States

government that targeted Piedad Cordoba, who was prominent leftist politician in

Columbia suspected of arranging large shipments of cocaine to be moved through Mexico

into the United States. Dkt. 77; Sentencing Memorandum of Defendant, pg.2

(Continued)

(b) **Direct Appeal of Ground One:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐    No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐    No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

   (3)  Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐

In order to set up the operation, a confidential source contacted one of Mr. Cordoba's associates and offered a few thousand dollars for them to arrange a meeting with a contact that could provide, protection, and cocaine. Id. at pgs. 2-3.

While Mr. Cordoba waited with the confidential source, a sample of 5 kilograms were obtained from a location 40 minutes away, known as the "farm." A weapon was later found at the source location. Id. at pg.3.

On February, 24, 2022, a three-count indictment was issued by a grand jury sitting in and for the United States District Court for the Southern District of New York, charging Mr. Cordoba and two codefendants with conspiracy to import a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 963; possession of machineguns and destructive devices, in violation of 18 U.S.C. § 924(c); and conspiracy to possess machineguns and destructive devices, in violation of 18 U.S.C. § 924(o). Dkt.2.

Mr. Cordoba was officially arrested following his extradition to the United States and made his initial appearance before this Court on January 20, 2023. Dkt.9. Attorney John Thomas Zach was appointed as defense counsel for Mr. Cordoba. Dkt.8.

On February 28, 2023, the grand jury returned a supersending indictment, which dropped Counts Two and Three, leaving only the controlled substance count intact. Dkt.12.

5

On January 2, 2024, Mr. Cordoba was taken to the courthouse from the county jail for a change of plea hearing.  Prior to the hearing, Mr. Cordoba met with defense counsel and was provided with the plea agreement offered by the government.  Counsel explained to the Defendant that the government had agreed to accept a plea of guilty to the lesser included offense of Count One to a conspiracy involving 500 grams of cocaine instead of the 5 kilograms that were initially charged.  Defense counsel noted in passing that a stipulation regarding the government's proposed guideline calculation was attached to the plea agreement, but advised that the stipulation was not binding on the court. Counsel's estimation, as explained to Mr. Cordoba, was that he would receive a sentence of approximately 5 to 7 years imprisonment.[1]

Because the plea agreement was provided to the Defendant and executed mere moments before the change of plea hearing, it was not filed on the docket as a separate document, but was referred to instead as an exhibit proffered by the prosecution during the hearing itself.  See, Minutes of the change of Plea Hearing, entered on January 2, 2024.

Based on the stipulation attached to the plea agreement, Mr. Cordoba was held responsible for 450 kilograms of cocaine and for a firearm that was involved in the offense.  The resulting advisory Guidelines sentencing range was set by the Presentence Investigation Report ("PSR") at 210 to 262 months imprisonment.  Dkt 77 at pg.17, *2.

---

[1].   By executing this document, Mr. Cordoba certifies under penalty of perjury that the statements and assertions of fact herein are true and correct.

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

**GROUND TWO:** <u>Constitutionally deficient assistance of counsel at sentencing.</u>
<u>(Originally submitted on Pages 5-7 of the Sentence Memorandum [Dkt. 117].)</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Cordoba incorporates Ground One, supra, in its entirety by reference as if fully restated herein.

As noted in the first ground for relief, counsel advised acceptance of a plea agreement that contained a stipulation of Guideline calculations. There was no strategic justification for agreeing to the stipulation; the plea agreement offered no benefit to the Defendant whatsoever. Those stipulations notwithstanding, counsel's actions at sentencing were constitutionally defective in at least three areas.

(Continued)

(b) **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☐

Ground for Relief

Mr. Cordoba attributes constitutionally deficient assistance to defense counsel during the plea process. Mr. Cordoba asserts that the attorney's advice to accept a plea agreement was legally incorrect, unsupported by the facts, and demonstrated the refusal of counsel to advocate for his client whereas the agreement waived the Defendant's right to file objections to the PSR or seek appellate review of the sentence.

## A. Deficient Performance

Mr. Cordoba was a sixty-two year old professor with no criminal history when he was approached by an associate and a stranger who offered him a few thousand dollars to facilitate an introduction to someone with the right connections. Mr. Cordoba's fee was not contingent on any specified amount of cocaine, although he was aware that a five-kilogram delivery was expected on the day of the meeting. Mr. Cordoba was not aware of the location where the drugs were stored and had no idea whether any firearms were present at the other location; the extent of his involvement in the conspiracy was limited to introduce a person with knowledge. There were no firearms present at the meeting. Because of these facts, both the base offense level and firearm enhancement recommended in the PSR were incorrect and contestable both at sentencing and on appeal. Because counsel acquiesced to these calculations as part of the plea agreement, however, the objections were foreclosed to Mr. Cordoba.

8

B. Prejudice

Mr. Cordoba asserts that, absent counsel's erroneous advice, he would have rejected the plea agreement and entered an open plea of guilty to the single Count in the Supersending Indictment and retained the right to object to the erroneous Guideline calculation in the PSR and seek appellate review of any adverse dispositions to those objections.

Mr. Cordoba notes for the record that the prosecution agreed to a plea of guilty, to the lessor offense of conspiracy involving 500 grams of cocaine, thereby reducing his mandatory minimum sentence to 5 years. However, this concession was immediately rendered irrelevant by the inclusion of a stipulation that greatly enhanced the Defendant's sentence range under the Guidelines.

The Defendant realizes that there is no certainty whether the court would have sustained all of his objections. The fact that the potential exists, however, that his sentence may have been shortened by even a day demonstrates prejudice in this instance. The same is true regarding the deprivation of Mr. Cordoba's right to seek appellate review without justification for the waiver.

A. Safety Valve

The record is clear that Mr. Cordoba met the criteria under 18 U.S.C. § 3553(f) for application under the safety valve: He had no criminal history points, he did not personally possess a firearm, his offense did not result in serious bodily injury to any person, he did not hold a supervisory position in the conspiracy, and he was candidly forthcoming about his involvement in the crime of conviction.

Because Mr. Cordoba qualified the Safety Valve, there was no value in a plea agreement that reduced the mandatory minimum.  See, 18 U.S.C. § 3553(f).

Under the Safety Valve, Mr. Cordoba was eligible for a two-point reduction in his total offense calculation under the Guidelines.  See, U.S.S.G. § 2D1.1(b)(18).

Whereas the Court imposed sentence two levels below the stipulated Guideline calculation without the Safety Valve, the same would likely be true absent counsel's deficient representation.

Despite his clients obvious eligibility for the Safety Valve and the corresponding reduction in the Defendant's Guideline calculation and sentence exposure, counsel made no effort whatsoever either during the plea negotiation process or at sentencing to have this provision applied to Mr. Cordoba's Sentence.

B. Drug Quantity and Role in the Conspiracy

Mr. Cordoba was paid a set amount to arrange an introduction between drug dealers. There was no increase in payment based on the quantity negotiated between the parties and Cordoba's responsibilities ended with the delivery of a 5 kilogram sample. Any agreement between the buyer and seller after the delivery of the sample was beyond the scope of Cordoba's agreement.

Under Application Note 2 to U.S.S.G. 1.1.3, "the scope of the criminal activity that the particular defendant agreed to jointly undertake" is determined by consideration of "any explicit agreement or implicit agreement fairly inferred from the conduct of defendant and others." Under this instruction, Cordoba was responsible for 5 kilograms of cocaine.

If , on the other hand, Mr. Cordoba could be held accountable for the full extent of the conspiracy, there is no question that he "play[ed] a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, Commentary, App. N. 3(A). Once the introductions were made, Mr. Cordoba had nothing else to offer that would assist in the possession, transportation, or distribution of more than the initial sample.

Accordingly, Counsel's failure to object to either the quantity or Mr. Cordoba's role in the conspiracy fell below the range of assistance expected of

counsel and prejudiced the Defendant.

## C. The Firearm Enhancement

On the evening when the 5 kilogram sample of cocaine was to be delivered, Mr. Cordoba waited with others at a location 40 minutes away from the location where the drugs were stored. There is no indication that Mr. Cordoba had been to the storage location at any time prior to the meeting, and whereas his role was limited to the introduction of one party to another, the possession of a firearm by an individual unknown to him at a clandestine location he had not visited was not foreseeable to Mr. Cordoba.

Because defense counsel failed to object to the 2-point firearm enhancement, his failure was constitutionally deficient and Mr. Cordoba's sentence was enhanced due to that failure.

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Three:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

           Yes ☐     No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

           Yes ☐     No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3)   Did you receive a hearing on your motion, petition, or application?

           Yes ☐     No ☐

    (4)   Did you appeal from the denial of your motion, petition, or application?

           Yes ☐     No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

           Yes ☐     No ☐

    (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

15

(3)  Did you receive a hearing on your motion, petition, or application?

      Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

      Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?  Yes ☐    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)                                                                                      Page 11

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a)  At the preliminary hearing:

Rophye Roybolt

(b)  At the arraignment and plea:

Rophye Roybolt

(c)  At the trial:

(d)  At sentencing:

John Zach

(e)  On appeal:

(f)  In any post-conviction proceeding:

(g)  On appeal from any ruling against you in a post-conviction proceeding:

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ■

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☐

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Mr. Cordoba acknowledges that his initial motion was submitted to prison officials approximately one year and fourteen days after his sentence became final. The defendant respectfully submits, however, that equitable tolling would be appreciated in this instance where he was actively diligent in preparing the motion and was delayed by the need to translate his original pleading from his native Spanish language to English.

17

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _11 / 06 / 25_ .

(month, date, year)

Executed (signed) on _11 / 06 / 25_ (date)

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

CERTIFICATE OF MAILING AND SERVICE

I hereby certify under penalty of perjury that the foregoing originally executed document was deposited with the U.S. Postal Service, appropriate postage prepaid and addressed to:


Office of the Clerk
United States District Court
500 Pearl St.
New York, NY 10007


and a true and correct copy of same was deposited with the U.S. Postal Service, appropriate postage prepaid and addressed to:


Office of the AUSA
1 St. Andrew's Plaza
New York, NY 10007

on this, the ___6___ day of ___NOVEMBER___, 2025.

_____
Affiant

20

Alvaro Fresly Corrole Ruiz
40593-510 X-Unit
Federal Correctional Institution
P.O. Box 7000
Texarkana, TX 75505



RECEIVED
NOV 19 2025
PRO SE OFFICE

PRO SE



Office of the Clerk
United States District Court
500 Pearl St.
New York, NY 10007



RECEIVED
NOV 17 2025
CLERK'S OFFICE
S.D.N.Y.

7011 2970 0004 0410 5157

USM's
SDNY



Office of the Clerk
United States District Court
500 Pearl St.
New York, NY 10007

November 6, 2025

Re: <u>United States v. Alvaro Fredy Cordoba Ruiz,</u>
<u>Case No. S122-cr-00121-001(LJL)1</u>


Dear Sir/Madam:

Please find the following document(s) enclosed:

-    One (1) Original: Response in compliance with Court Order and Request for
                     Permission to Amend Pleading
-    One (1) Original: Amended Motion (28 U.S.C. § 2255)
-    One (1) Copy of the first page of each

In regards to the document(s), the following is being requested of your office.

1.    Please file this Motion with the Court and assign it a case number.

2.    Please stamp the extra copies "filed" and return them to the
       undersigned in the self-addressed, stamped envelope provided for your
       convenience.

Thank you for your attention to this request; your assistance is greatly
appreciated.


                                        Respectfully Submitted,

                                        Alvaro Fredy Cordoba Ruiz
                                        40593-510 K-Unit
                                        Federal Correctional Institution
                                        P.O. Box 7000
                                        Texarkana, TX 75505

RECEIVED
NOV 19 2025
PRO SE OFFICE








USM P3
SDNY

RECEIVED
NOV 17 2025
CLERK'S OFFICE
S.D.N.Y.



7011 2970 0004 0410 5157

Office of the Clerk
United States District Court
500 Pearl St.
New York, NY 10007



Received management

PRO SE

Alvaro Fredy Corrales Ruiz
40593-510 K-Unit
Federal Correctional Institution
P.O. Box 7000
Texarkana, TX 75505

RECEIVED
NOV 19 2025
PRO SE OFFICE