

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 27, 2026

**By CM/ECF**
The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *United States v. Álvaro Fredy Córdoba Ruíz,* S1 22 Cr. 121 (LJL)

Dear Judge Liman:

The Government respectfully submits this letter in response to the Court's Order, dated December 2, 2025 (Dkt. 137), with respect to the defendant's *pro se* petition (the "Petition") brought under 28 U.S.C. § 2255 (Dkts. 133-36). The Government's response is currently due on February 2, 2026. (Dkt. 137). Although the Government believes that certain of the arguments set forth in the Petition can likely be resolved on legal grounds alone, upon further review of the record, the Government believes that, in order to fully resolve the Petition, it is necessary to obtain a statement from defense counsel responding to the defendant's allegations of ineffective assistance, *see* Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly, the Government seeks a proposed order directing defense counsel to file such a declaration and the defendant to execute an informed consent.

\* \* \*

In the context of habeas petitions, "[i]t is well settled . . . that the assertion of a claim of ineffective assistance of counsel . . . constitutes a waiver of the attorney-client privilege." *E.g.*, *Rudaj v. United States*, No. 11 Civ. 1782 (DLC), 2011 WL 2610544, at *3 (S.D.N.Y. June 13, 2011) (citing *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (implicit waiver); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (waiver when defendant asserts a claim that in fairness requires examination of protected communications)). Prior to 2010, it was common practice for prior defense counsel whose assistance was alleged in a § 2255 petition to be ineffective to submit, usually at the request of the Government, an affidavit or declaration responding to the allegations. In 2010, however, the American Bar Association ("ABA") Standing Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective

Assistance of Counsel Claim.[1] In that opinion, the ABA committee opined that even if the evidence sought from the former lawyer is relevant and not privileged, the former lawyer should still not voluntarily disclose the information to the prosecution. Instead, the former lawyer should only disclose such information upon ruling of the court or informed consent from the client. While that ABA opinion has no binding effect, it has nonetheless inhibited defense lawyers from voluntarily providing affidavits in ineffective assistance litigation.

The first Judge of this Court to address the aftereffects of the ABA opinion was Judge McMahon in *Douglas v. United States*, No. 09 Civ. 9566 (CM). In that case, Judge McMahon summarized the state of practice as follows:

> As is well settled, where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. *Frias v. United States*, No. 09 Civ. 2537, 2009 WL 1437797 at *1 (S.D.N.Y. May 20, 2009) (quoting *In re Lott*, 424 F.3d 446, 457-58 (6th Cir. 2005) (quoting Bittaker v. Woodford, 331 F.3d 715,720 (9th Cir. 2003) (en banc); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). Where the defendant's allegations of fact, if credited, would support a finding of ineffective assistance, the court is required to obtain testimony from the attorney, either to support the former client's claim or to undermine it, and (if there is a conflict in the testimony of the movant and his former attorney) to make any needed credibility findings. The attorney's testimony is mandatory; in nearly every case, it is the only way to test the credibility of the defendant's assertion of ineffective assistance (an assertion that is, in this court's experience, often false). The relevance of such testimony is obvious and cannot be overstated; without it, any convict who chose to claim that his lawyer was ineffective, and who made a preliminary showing of same, would automatically win reversal of his conviction.

> Because the need for the attorney's testimony was patent and the waiver of privilege plain, it has become the practice for attorneys to supply the required testimony (in the form of an affidavit or declaration, which qualifies as testimony and so perfectly acceptable) without obtaining express written consent from the former client. Formal consent was deemed unnecessary because the client had waived the privilege simply by making the motion. Additionally, some attorneys have given their testimony without being formally ordered to do so by a court, knowing that the waiver would be given effect and that a court order was guaranteed to issue. In most instances, the testimony was solicited by and given to the prosecutor's office that originally indicted and prosecuted the defendant, since it is the prosecutor that assembles the record in opposition to the § 2255 motion.

*Douglas v. United States*, No. 09 Civ. 9566 (CM), 2011 WL 335861, at *1 (S.D.N.Y. Jan. 28, 2011).

---

[1] *See* ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim.

In view of the ABA opinion and the Government's request for guidance, Judge McMahon issued the following guidelines:

1. When the court receives a § 2255 motion alleging ineffective assistance of counsel, it will review the motion and transmit it to the Government. If the Government believes that the motion on its face does not contain sufficient allegations of fact to support the claim of ineffective assistance, it shall so advise the court in a preliminary opposition to the motion. If the motion can be disposed of on the basis of the Government's preliminary opposition, the court will decide the motion on that basis.

2. If, however, the Government believes that attorney testimony is needed for it to respond fully to the motion, the Government shall so notify the court. The court will then issue an order [directing counsel to file a declaration and the petitioner to execute an Informed Consent].

Judge McMahon's guidelines and form order provide a useful framework in the circumstances of this case. The proposed Order and Informed Consent submitted by the Government herein largely follow Judge McMahon's framework, except they have been modified to remove the suggestion that the ABA opinion has binding authority.

Given the disputed nature of certain facts that are relevant to the resolution of the Petition, the Government accordingly requests that the Court enter the attached proposed Order and Informed Consent to effectuate this expansion of the record.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York


By: /s/ Kaylan E. Lasky
    Kaylan E. Lasky / Kevin T. Sullivan
    Assistant United States Attorney
    Tel: (212) 637-2315 / 1587

cc: *Pro se* defendant (by mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ÁLVARO FREDY CÓRDOBA RUÍZ,<br><br>Defendant. |
| ÁLVARO FREDY CÓRDOBA RUÍZ<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. |

S1 22 Cr. 121 (LJL)

25 Civ. 9906 (LJL)

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS defendant ÁLVARO FREDY CÓRDOBA RUÍZ (the "defendant") has filed a motion pursuant to 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel;

WHEREAS the Government has represented that the testimony of the defendant's former counsel John Thomas Zach, Esq. ("Former Counsel") will be needed in order to allow the Government to respond to the performance claims in the motion;

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Former Counsel is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the defendant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Former Counsel from disclosing confidential information relating to a prior

client even in the absence of a privilege, see, *e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim;

IT IS HEREBY ORDERED that the defendant shall execute and file within thirty days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form; and it is further

ORDERED that, within thirty from the date that the executed "Attorney-Client Privilege Waiver (Informed Consent)" is filed, Former Counsel shall give sworn testimony, in the form of a declaration, addressing the allegations of ineffective assistance of counsel made by the defendant.

ORDERED that, within thirty days from the date as of which Former Counsel's declaration has been filed, the Government shall file an answer or other pleadings in response to the motion. The defendant shall have thirty days from the date on which he is served with the Government's answer to file a response. Absent further order, the motion will be considered fully submitted as of that date.

Dated: New York, New York

_____, 2026

_____
HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ÁLVARO FREDY CÓRDOBA RUÍZ,<br><br>Defendant. | S1 22 Cr. 121 (LJL) |
| ÁLVARO FREDY CÓRDOBA RUÍZ<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 25 Civ. 9906 (LJL) |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: ÁLVARO FREDY CÓRDOBA RUÍZ

You have made a motion pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel by your former attorney, John Thomas Zach, Esq. In light of your moving papers, the Court has determined that it needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claims. This means that if you wish to press your claims of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order ordering your former attorney to give such testimony, in the form of a declaration. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order, and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion. You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements

about his representation of you. However, you should also know that the Court may deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form with your signature within thirty days from the date on which you are served with this Order. If the Court does not receive this form with your signature within that time, the Court may deny your motion.

AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, John Thomas Zach, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.


_____          _____
ÁLVARO FREDY CÓRDOBA RUÍZ                    DATE